IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LAFAYETTE M. MORELAND, | ) | |
|---|---|---|
| | ) | Civil Action No. 2: 14-cv-1386 |
| Petitioner, | ) | |
| | ) | United States District Judge |
| v. | ) | Arthur J. Schwab |
| | ) | |
| | ) | United States Magistrate Judge |
| COMMONWEALTH OF PENNSYLVANIA, | ) | Cynthia Reed Eddy |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the habeas petition filed by Petitioner, Lafayette M. Moreland, pursuant to 28 U.S.C. § 2254 be dismissed sua sponte for lack of jurisdiction. It is further recommended that a certificate of appealability be denied.

## II. REPORT

Lafayette M. Moreland ("Moreland" or "Petitioner"), an individual incarcerated at the Federal Correctional Institution at Cumberland, Maryland, seeks to challenge via this Section 2254 habeas petition, a State Conviction obtained in 2004 in the Allegheny County Court of Common Pleas. He does so, not because he is in custody pursuant to that conviction but because his State court conviction was used to enhance a federal sentence that he is currently serving. Because he is no longer in custody pursuant to the State conviction, this Court lacks jurisdiction over the petition.

### A. Facts and Procedural History

The Superior Court, in its opinion affirming the PCRA court's decision, recited the background of this case, as follows:

1

> On March 2, 2004, Defendant Lafayette Moreland pled guilty [in a negotiated plea agreement] before this Court at CC No. 200102216 to one count of Possession with Intent to Deliver a Controlled Substance, as well as two related counts. [Moreland] was sentenced to 9 to 23 months' incarceration and 5 years' probation for the first count, with no further penalty at the remaining counts. [Moreland] was represented by Stephen D. Collafella, Esq., and no direct appeal or post-sentence motion was taken from this judgment of sentence. On May 23, 2006, [Moreland] through counsel Robert G. DelGreco, Jr., Esq. filed a Motion to Terminate Probation, which was granted by this Court.
>
> On June 15, 2010, [Moreland] pled guilty in the United States District Court for the Western District of Pennsylvania to one count of Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of crack cocaine. The Hon. David S. Cercone issued a Memorandum Order and Tentative Findings and Rulings on September 1st, 2010, noting that [Moreland's] status as a career criminal was based upon his convictions and sentence in the matter previously before this Court; and on September 3rd, 2010, Defendant was sentenced to a term of incarceration of 240 months.
>
> On September 27th, 2012, [Moreland], represented by Robert X. Medonis, Esq., filed a Petition for Writ of *Coram Nobis* with this Court, claiming ineffectiveness of counsel (Attorney Colafella) in regard to the guilty plea before this Court, which was subsequently used to enhance his federal sentence from a -10-year mandatory minimum to a 20-year mandatory minimum. After an order from this Court, the Commonwealth timely filed a response and a Motion to Dismiss the Petition. This Court issued an Order on October 17th, 2012, giving [Moreland] the Court's Notice of Intent to Dismiss the Petition for Writ of *Coram Nobis*.
>
> Attorney Medonis passed away on November 5th, 2012, and the Court granted [Moreland's] *pro se* Motion to Extend Time to Respond to the Notice of Intent to Dismiss. Charles R. Pass, III, Esq., was appointed as counsel for [Moreland]. On February 4th, 2012, [Moreland], through Attorney Pass, timely filed a Response to the Notice of Intent to Dismiss the Petition for Writ of *Coram Nobis*. Upon review of [Moreland's] response, on February 6th, 2013, [the PCRA] Court issued an order dismissing the Petition for Writ of *Coram Nobis*[.]

Superior Court Opinion, 12/18/2013 at 2 (quoting PCRA Court Opinion,. 3/19/2013, at 1-2). ECF No. 1-2. The PCRA court treated Moreland's Petition for Writ of Coram Nobis as a PCRA Petition, and found that the petition was time barred and without support in the record. The Superior Court, while affirming the PCRA Court opinion, addressed as a threshold issue, the PCRA's "currently serving" requirement and found that because Moreland could not meet the

2

"currently serving" requirement he did not trigger the court's jurisdiction over his PCRA petition. Because Moreland did not meet the "currently serving" requirement, the Superior Court did not reach the question of the timeliness of the petition. *Id*. at n.5.

On October 14, 2014, Petitioner filed in this Court a Motion for Leave to Proceed in forma pauperis, and attached the instant "Motion Pursuant Title 28 § 2254(d)(1) Challenging the Commonwealth of Pennsylvania Court's Judgment Rendered in his 'Writ for Error Coram Nobis'."

### B. Applicable Legal Principles

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, tit. I, § 101 (1996) ("AEDPA") which amended the standards for reviewing State court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, was enacted on April 24, 1996. Because petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case. *Werts v. Vaughn*, 228 F.3d 178, 195 (3d Cir. 2000).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254, Habeas Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland,* 512 U.S. at 856. Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989); *see also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d

3

Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

Moreland brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General,* 878 F.2d 714, 721–22 (3d Cir. 1989).

### C. Discussion

#### 1. *Custody Requirement*

A federal district court has jurisdiction to entertain an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 only if the person is "in custody" pursuant to the state court judgment or sentence he is attacking at the time the application is filed. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 423 n. 6 (3d Cir. 1975) (" 'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court").

Petitioner is attacking directly his 2004 State drug conviction in this Section 2254 petition, which was filed roughly eight (8) years after all custody flowing from the 2004 State drug conviction had ceased, i.e., after the 2004 State drug conviction was fully expired. Petitioner wishes to now directly attack his fully expired 2004 State drug conviction because he contends that the federal drug conspiracy sentence, which he is currently serving, is being

4

enhanced by the fully expired 2004 State drug conviction.[1]  However, this he cannot do.  As the United States Supreme Court stated in *Coss v. Lackawanna*, 532 U.S. 394 (2001):

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  See *Daniels,* post, at ---, 121 S.Ct. at 1583.  If that conviction is later used to enhance a criminal sentence, the defendant **generally** may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403-04 (emphasis added).  Accordingly, the general rule is that one may not attack the currently served enhanced sentence on the basis of a claim that the fully expired prior sentence (which was used to enhance the currently served sentence) was unconstitutional.

The Supreme Court has identified two possible exceptions to the general rule: (1) a defendant may challenge a prior conviction where the Sixth Amendment was violated by a failure to appoint counsel, *Daniels v. United States*, 532 U.S. 374, 382 (2001), *Coss*, 532 U.S. at 404; and (2) a defendant may challenge a prior conviction in the rare case in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own.  *Daniels*, 532 U.S. at 384; *Coss,* 532 U.S. at 405.

Moreland, however, is subject to neither exception.  He had appointed counsel during his 2004 State proceedings and there is no indication that his situation was such that he was unable, through no fault of his own, to challenge his 2004 convictions.

---

[1]     The proper avenue to attack a federal sentence is to file a Section 2255 motion, which Petitioner has done.  *See* Motion to Vacate Under 28 U.S.C. 2255, *United States v. Moreland*, 2:07-cr-387 (ECF No. 229) and *Moreland v. USA*, 2:11-cv-1133.

Thus, as Petitioner's fully served 2004 State drug conviction is no longer open to direct or collateral attack in its own right because Petitioner is not "in custody" for that conviction, this Court lacks jurisdiction over the petition. Therefore, it is recommended that Petitioner's habeas petition pursuant to Section 2254 be summarily dismissed for lack of subject matter jurisdiction.

2. *Writ of error corum nobis*

A writ of error coram nobis has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review. *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000). However, the writ of error coram nobis is available in federal court <u>only</u> for those who were convicted in federal court. 28 U.S.C. 1651(a); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003).[2] Therefore, a person seeking coram nobis relief with respect to a state court conviction must pursue such relief in state court, not federal court. *Id.*

As discussed *supra*, Petitioner is clearly challenging his 2004 State drug conviction. The Court's power of corum nobis review is limited to challenges associated with federal convictions. Thus, to the extent the instant Petition may be considered a "true" petition for a writ of corum nobis, it should be dismissed for lack of jurisdiction.

3. *Certificate of Appealability*

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1)(A); *see also Gonzalez v. Thaler*, ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 641, 649 (2012). A certificate of appealability may issue "only if the applicant has made a substantial

---

[2] A district court has jurisdiction over a petition for writ of error coram nobis under 28 U.S.C. § 1651(a) in aid of its jurisdiction over criminal proceedings pursuant to 18 U.S.C. §

6

showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, it is recommended that no certificate of appealability be issued.

**III.       Conclusion**

For the reasons stated above, it is respectfully recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be summarily dismissed due to lack of jurisdiction. It is further recommended that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Petitioner is allowed until November 17, 2014, to file Objections to this Report And Recommendation. Failure to file Objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                                 s/ Cynthia Reed Eddy
                                                 Cynthia Reed Eddy
                                                 United States Magistrate Judge

DATED:  October 31, 2014

---

3231. *United States v. Orocio*, 645 F.3d 30, 635 (3d Cir. 2011), overruled on other grounds by *Chaidez v. United States*, -- U.S. --, 133 S.Ct. 1103 (2013).

cc: LAFAYETTE M. MORELAND
09660-068
FCI Cumberland
P O Box 1000
Cumberland, MD 21501
(via U.S. First Class Mail)